UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT, | No. 2:17-cv-0640 KJN P |
| Plaintiff, | |
| v. | ORDER |
| D. HOUSTON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the

complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff names three individuals as defendants: Dr. Houston, Chief of Mental Health; A. Swarthout, Senior Supervising Psychologist; and Schiedner, Psychologist, all employed at California State Prison, Sacramento. Plaintiff alleges that from July 2015 through December 25, 2015, in violation of due process and the Fourteenth Amendment, defendants created and approved a behavior incentive program ("BIP") for mentally ill inmates that caused plaintiff to lose privileges without violating policy or rules, and that other, nonmentally ill prisoners did not suffer. Plaintiff claims that it is unfair to parse out privileges one at a time to him when in regular or all other lockups inmates get all privileges within 15 days. Plaintiff claims this policy also violates the First Amendment because it interfered with his lawsuits against the CDCR.

Access to the Courts

The First Amendment right to petition the government includes a right of access to the courts. See Cal. Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 510 (1972). Prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977). Prisoners also have a right "to litigate claims challenging their sentences or the conditions of their confinement to conclusion without active interference by prison officials." Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011), abrogated on other grounds as recognized in Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). An inmate alleging a violation of this right must show that he suffered an actual injury. Lewis v. Casey, 518 U.S. 343, 349-51 (1996). That is, plaintiff must allege that the deprivation actually injured his litigation efforts, in that the defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement. See id. at 351; Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354-55. Inmates do not have "an abstract, freestanding right to a law library or legal assistance," and "cannot establish relevant actual injury simply by establishing that [the] prison's law library or legal assistance program is subpar in

3

some theoretical sense." Id. at 351. Because actual injury is a jurisdictional requirement that may not be waived, an actual injury must be alleged in order to state a claim for relief. Nevada Dept. of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011), cert. denied, 132 S. Ct. 1823 (2012); see, e.g., Jenkins v. McMickens, 618 F. Supp. 1472, 1474-75 (S.D. N.Y. 1985) (complaint alleging certain documents pertaining to pending trial confiscated and not returned too conclusory to support claim of denial of access to court).

Here, plaintiff has not alleged an actual injury to his access to the courts. Rather, plaintiff claims he was deprived of his personal property from July 2015 to December 25, 2015, and that due to the step program, he could not get his legal property and had to rely on memories and knowledge. (ECF No. 1 at 3.) Given this temporary deprivation, it is unclear whether plaintiff can amend to state a cognizable access to the courts claim. Court records reflect that in 2015, plaintiff had two cases pending: Puckett v. Agboli, No. 2:14-cv-2776 CMK (E.D. Cal.); and Puckett v. Sweis, No. 2:15-cv-0602 AC (E.D. Cal.), both of which remain pending. Moreover, in No. 2:16-cv-0602 AC, plaintiff filed documents in 2015. However, in an abundance of caution, plaintiff is granted leave to file an amended complaint.

Eighth Amendment

Plaintiff claims that the deprivation of these privileges violated his Eighth Amendment rights because the deprivation caused him severe depression and to feel suicidal.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), overruled on other grounds, Sandin v. Conner, 515 U.S. 472 (1995); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). To violate the Eighth Amendment, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 832, 834 (1994). A cognizable Eighth Amendment claim requires facts showing: (1) the deprivation alleged is objectively sufficiently serious; and (2) the prison official possessed a

4

sufficiently culpable state of mind. Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 297-98 (1991)).

It is understandable that plaintiff would be distressed by the deprivation of privileges, particularly privileges he was used to having in state prison. However, this court is bound to apply the high bar set by the Supreme Court: only minimal life necessities are protected by the Eighth Amendment. Thus, plaintiff's allegations that he was required to attend 80% of group for 90 days to get certain privileges, including packages, TV, radio, special purchases, and his property, are not objectively serious deprivations and do not constitute the denial of life's minimal necessities. The deprivation of such privileges constitutes typical hardships of confinement and does not rise to the level of an Eighth Amendment violation. In addition, plaintiff concedes that defendants implemented the program in an effort to get plaintiff to attend group therapy, arguably in furthering treatment for plaintiff's mental illness, a valid rehabilitative goal. Such objective on the part of defendants cannot be deemed a "culpable state of mind," as contemplated under Farmer. Thus, plaintiff's allegations fail to state a cognizable Eighth Amendment claim.

Deprivation of Privileges

The Supreme Court has stated that "simply because prison inmates retain certain constitutional rights does not mean that these rights are not subject to restrictions and limitations. 'Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights.'" Bell v. Wolfish, 441 U.S. 520, 545-546 (1979) (quoting Price v. Johnston, 334 U.S. 266, 285 (1948)).

The Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Before a prisoner is entitled to the procedural guarantees of the Fourteenth Amendment, he must first have a constitutionally protected liberty or property interest at stake. Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). Liberty interests can arise both from the Constitution and from state law. See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 224-227 (1976); Wolff v. McDonnell, 418 U.S. 539, 557-558 (1974).

In the prison context, liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Sandin "refocused the test for determining the existence of a liberty interest away from the wording of prison regulations and toward an examination of the hardships caused by the prison's challenged action relative to 'the basic conditions of life as a prisoner.'" Mitchell v. Dupnik, 75 F.3d 517, 522 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 485). Sandin emphasized that courts should be circumspect when asked to intervene in the operation of state prisons. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995) (while reaffirming the retaliation cause of action, court noted Sandin's disapproval of "excessive judicial involvement in day-to-day prison management"). When conducting an analysis under Sandin, the court should look to conditions of confinement that violate the Eighth Amendment, whether the conditions will affect the length of the prisoner's sentence and the duration of those conditions. See Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) ("The Court in its new approach seeks to prevent turning every rule or regulation that establishes a procedure or requires the provision of an amenity into a right that implicates a liberty interest.")

Plaintiff appears to argue that he has a liberty interest at stake because he has a right to be free from the deprivations of privileges that are required under the BIP. Plaintiff alleges deprivations of "packages, TV's, radios, and special purchases." (ECF No. 1 at 3.) However, as set forth above, the deprivation of such privileges does not constitute an Eighth Amendment violation. Such deprivation does not negatively affect the length of plaintiff's sentence. Plaintiff did not address the duration of the BIP. Accordingly, plaintiff fails to demonstrate he has a protected liberty interest in the loss of such privileges. But even assuming such liberty interest, such deprivation fails to impose an atypical and significant hardship on plaintiff relative to the basic conditions of life as a prisoner. The Supreme Court recognizes the limitation on prisoner's privileges and rights from the need to grant necessary authority and capacity to officials to administer the prisons. See McKune v. Lile, 536 U.S. 24, 25 (2003) (requiring sex offenders to

participate in a treatment program did not amount to compelled self-incrimination prohibited by the Fifth Amendment). In McKune, the Court found that ordering the inmate to participate in a Sexual Abuse Treatment Program supported the legitimate penological objective of rehabilitation; the program, running for 18 months, involved substantial daily counseling, and offered inmates "minimal incentives to participate." Id. at 29. Here, although he characterizes it as "force," plaintiff concedes that the purpose of the BIP is to encourage inmates to attend group therapy, which serves a vital penological purpose. Moreover, because plaintiff suffers from a mental illness, the court must defer to the mental health professionals as to the appropriate treatment for plaintiff's mental illness.

For these reasons, plaintiff fails to state a cognizable due process claim.

Requested Relief

In addition to seeking money damages, plaintiff asks for injunctive relief: "No more BIP Program." (ECF No. 1 at 5.) Such claim for injunctive relief is barred by the pending class action, Coleman v. Brown, No. 2:90-cv-0520 KJM DB (E.D. Cal.). The class in Coleman was certified in 1991 and consists of "all inmates with serious mental disorders who are now or will in the future be confined within the California Department of Corrections." Id. (Nov. 14, 1991 Order, at 4-5.) The class was later amended to include "all inmates with serious mental disorders who are now, or will in the future, be confined within the California Department of Corrections." Id. (July 23, 1999 Order Granting Stip. & Order Amending Plaintiff Class and Application of Remedy.) The court in Coleman ultimately entered an order for injunctive relief under the supervision of a special master. Coleman, 912 F.Supp. at 1323-24. Here, plaintiff concedes that he suffers from a serious mental illness and is in the Enhanced Outpatient Program level of care, which makes him a member of the Coleman class.

"Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions that are the subject of an existing class action 'must be made through the class representative until the class action is over or the consent decree is modified.'" Valdez v. Forte, 2010 WL 4861459, at *2 (E.D. Cal. Nov. 22, 2010) (citing McNeil v. Guthrie, 945 F.2d 1163, 1166 (10th Cir. 1991)). Thus, plaintiff cannot maintain his claims for injunctive relief seeking to

stop or suspend the BIP in this action, but must seek relief as a member of the class in <u>Coleman</u>. Plaintiff should bring his concerns about the BIP to the attention of class counsel for plaintiffs in the <u>Coleman</u> class action.

<u>Leave to Amend</u>

Therefore, plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. <u>Id.</u> There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Id.</u>; <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently

herewith.

      3. Plaintiff's complaint is dismissed.

      4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

          a. The completed Notice of Amendment; and

          b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

      Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: June 16, 2017

/puck0640.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

| | |
|---|---|
| | |

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                 FOR THE EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  DURRELL ANTHONY PUCKETT, | No. 2:17-cv-0640 KJN P |
| 12        Plaintiff, | |
| 13     v. | NOTICE OF AMENDMENT |
| 14  D. HOUSTON, et al., | |
| 15        Defendants. | |

16
17     Plaintiff hereby submits the following document in compliance with the court's order
18 filed_____.
19        _____      Amended Complaint
   DATED:
20
21                                   _____
                                     Plaintiff
22
23
24
25
26
27
28