UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT, | No. 2:17-cv-0640 CSK P |
| Plaintiff, | |
| v. | ORDER |
| D. HOUSTON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. On April 17, 2025, plaintiff filed a document styled, "Notice to Court," claiming he amended his "case on July 1, 2017," and received no response. (ECF No. 10 at 1.) As discussed below, this case was terminated at plaintiff's voluntary request on August 14, 2017, and his motion regarding settlement is denied.

I.   PLAINTIFF'S RECENT FILING

While plaintiff was housed at California State Prison, Sacramento ("CSP-SAC"), he filed his request for case status, and appended a document styled, "Motion for Agreed Statement and Agreed Settled Statement of Facts. . . ." (Id. at 2.) In this motion, plaintiff includes a laundry list of alleged violations, including discrimination, racial profiling, and bias, and claims defendants Houston and Swarthout have verbally insulted and threatened him. (Id.) Plaintiff asks the Court to review cameras in all audio-visual surveillance systems ("AVSS"). (Id. at 3.) Plaintiff alleges he has suffered a campaign of harassment from 2013 to 2024, and has never received any

settlement money.  (Id.)  Plaintiff alleges that staff gets inmates to harass plaintiff, and they continue to refuse to feed plaintiff his double portions of Kosher food.  Plaintiff contends that all of this is making him suicidal and is "psychologically messing him up."  (Id.)  Plaintiff seeks payment of $250,000 because he "got attacked, almost killed."  (Id.)

II.     BACKGROUND

The instant action was filed on March 27, 2017, while plaintiff was housed at CSP-SAC. In his original complaint against defendants Dr. Houston, Chief of Mental Health, A. Swarthout, Senior Supervising Psychologist, and Schiedner, Psychologist, plaintiff alleged that from July 2015 through December 25, 2015, in violation of the First, Eighth and Fourteenth Amendments, defendants created and approved a behavior incentive program ("BIP") for mentally ill inmates that caused plaintiff to lose privileges without violating policy or rules, and that other, nonmentally ill prisoners did not suffer such losses of privileges.  (ECF No. 1.)  He argued it was unfair to parse out privileges one at a time to him when in all other lockups inmates get all privileges within 15 days.  (Id.)

On June 16, 2017, plaintiff's complaint was dismissed with leave to amend.  (ECF No. 4.) On July 10, 2017, plaintiff filed a first amended complaint against the same defendants, essentially raising the same allegations concerning the deprivation of privileges under the BIP program at CSP-SAC, only claiming an alleged violation of due process.  (ECF No. 7.)

On August 10, 2017, plaintiff signed a notice of voluntary dismissal, which was filed on August 14, 2017.  (ECF No. 8.)  The Clerk of the Court terminated this case on August 16, 2017. (ECF No. 9.)

Plaintiff filed the instant "Notice to Court" and accompanying motion on April 17, 2025. (ECF No. 10.)  Since plaintiff filed his request, he has been transferred to the California Health Care Facility in Stockton.[1]

---

[1] This information was obtained from the CDCR Inmate Locator website, https://ciris.mt.cdcr.ca.gov/ (accessed Apr. 22, 2025).  The Court may take judicial notice of public records available on online inmate locators.  See United States v. Basher, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public); see also Foley v. Martz, 2018 WL 5111998, at *1 (S.D. Cal. Oct. 19, 2018) (taking judicial notice of CDCR's inmate locator).

III. DISCUSSION

Plaintiff is advised that this case was closed on August 14, 2017, at his request. The allegations in plaintiff's recent request and motion are vague and conclusory and have no relationship to the claims concerning the BIP raised in this closed case. Therefore, the Court does not construe plaintiff's filing as a motion for reconsideration, but rather as a request for status.

Plaintiff's reference to settlement does not include any case number or other information to suggest that a settlement has been reached in a particular case. But if a settlement was reached by plaintiff, the Court's record reflects no settlement entered in this case. Indeed, no defendant had yet been served or appeared in this action. Thus, plaintiff's motion concerning settlement is denied. If a settlement was reached in another case, plaintiff must pursue resolution of settlement payment in that case. Further, plaintiff's request for the Court to view camera footage is improper; the Court does not investigate claims for litigants.

Also, while plaintiff's allegations about his mental state are concerning, in light of his recent transfer, as well as the lack of jurisdiction in this closed case, no action will be taken concerning such allegations.

Therefore, plaintiff must pursue his new allegations in a new action after he has exhausted his administrative remedies to the final level of review. Plaintiff is advised that his broad claims of harassment from 2013 to 2024 are insufficient. First, allegations of harassment, embarrassment, and defamation are not cognizable under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1982) (allegations of harassment with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F.Supp. 1173, 1180 (E.D.N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). Nor are allegations of mere threats cognizable. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

Second, "[i]t is the plaintiff['s] burden, under both Rule 8 and Rule 11, to reasonably investigate their claims, to research the relevant law, to plead only viable claims, and to plead those claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them." Gurman v. Metro Housing & Redevelopment Authority, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011) (citing Fed. R. Civ. P. 8, 11). The Court acknowledges that a district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). But while detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id.

IV.   ORDERS

In light of the above, plaintiff's notice is construed as a request for status, and his motion regarding settlement is denied. If plaintiff intends to pursue the new allegations raised in his filing, he must file a new complaint, accompanied by an application to proceed in forma pauperis, in a new action. Because it appears that plaintiff was only recently transferred, the Clerk of the Court is directed to send plaintiff a copy of this order to his address of record, as well as to the California Health Care Facility in Stockton. But plaintiff is reminded that this case was closed

4

over seven and a half years ago at his request. **Therefore, plaintiff should refrain from filing any further documents in this closed case.**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's "Notice to Court" (ECF No. 10 at 1) is construed as a request for status.

2. Plaintiff's motion regarding settlement (ECF No. 10 at 2-3) is denied.

3. In addition to his address of record, the Clerk of the Court shall serve a copy of this order on plaintiff at the California Health Care Facility, P.O. Box 213040, Stockton, CA 95213.

Dated: April 23, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/puck0640.58